## In the matter of DE PEYSTER, an absent debtor.

After the se-       ON petition by the trustees of De Peyster, an absent or
cond dividend   absconding debtor, under the act "for relief against abscon-
under the ab-
sconding debt-  ding and absent debtors," (1 R. L. 157,) for instruction; and
or act, (1 R.
L. 157,) no     on the application of certain creditors of De Peyster residing
creditor can    in London; the following case was presented to the court:
be received to
prove his debt.     The trustees had made two dividends; and recently ad-
To entitle a    vertised a third and final dividend.   The London creditors
creditor to a
dividend, he    did not hear of the proceedings in this matter, till after the
must have
been such at    second dividend; but they afterwards came in and claimed
the time of the their full dividend before the final distribution should be
first publica-
tion of the pro- made.   The trustees also anticipated that claims to the
ceedings un-    final dividend would be interposed by persons who had be-
der the act,
pursuant to     come creditors since the issuing of the attachment.
the second
section.
                *G. Brinckerhoff,* for the London creditors, cited 1 R. L.
                164, sect. 27; 1 John. Rep. 165, 173, 174, and the cases
                there cited.

                *H. S. Jones,* for the trustees, cited 1 R. L. 162, sect. 19.

                *Curia.*   The 19th section declares, that if any creditor
                neglects to give notice of, or deliver an account of his de-
                mand to the trustees until after distribution, pursuant to the
                17th section, he shall not be entitled to any dividend; but
                if he shall comply before the second distribution, he shall
                have the sum he would have been entitled to on the first
                distribution, before any second dividend be made.

                The trustees are required by the 17th section to give no-
                tice to all the creditors to come in and prove their debts,

within a certain time, when the first dividend is to be made. Now, we have seen, that, by a subsequent section, if they neglect doing this before the first, they shall be received before the second dividend; but no provision of this kind is made in reference to the third. Taking these various enactments into view, we are satisfied, that creditors who neglect to prove their demands till after a second dividend, are precluded from all share of the debtor's estate in the hands of the trustees. An opinion to this effect was expressed in *Peck* v. *Randall*, (1 John. Rep. 174;) though the question does not appear to have been presented by the case.

This ground, would in the particular case before us, preclude the claim of all who became creditors after the attachment issued. But we have no hesitation, on this head, in answering the question put to us by the trustees, on broader ground. We are of opinion that no person can be entitled to a dividend who was not a creditor at the time of the first publication of notice of the attachment, pursuant to the second section of the act.

ALBANY,<br>Feb. 1826.<br>——<br>Mann<br>v.<br>Baker

Motion of the London creditors denied.